Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMBER-JOHNSON, LLC, <br><br> Defendant. | Civil Case No. CV08-0049-JLR <br><br> **PLAINTIFF NATIONAL PRODUCTS, INC.'S MOTION TO REOPEN CASE AND MOTION FOR EXPEDITED DISCOVERY** <br><br> <u>Noted on Motion Calendar</u>: <br>**Friday, May 2, 2008** <br><br> **ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

This is a case for false advertising. Plaintiff National Products, Inc. ("NPI") is in need of urgent discovery. After several unsuccessful attempts to resolve this dispute with Defendant Gamber-Johnson, LLC ("Gamber"), NPI is now forced to proceed with its request in the complaint for preliminary injunction. The need to reopen this case and pursue expedited discovery became apparent last month, after settlement talks failed and NPI learned that Gamber was continuing to distribute a 25-minute marketing infomercial DVD, entitled "The Mounting Evidence," at a March trade show. This infomercial also appears on Gamber's website and is replete with false and misleading statements. This development

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 1
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

comes despite Gamber's early indications in settlement discussions that distribution of the offending DVD and the infomercial's use on the Gamber website would cease.

Continued distribution of "The Mounting Evidence" will cause irreparable damage to NPI. Discovery is needed on an expedited basis to learn what, if any, facts exist to support highly damaging statements made in that infomercial. Requests for expedited discovery are routinely granted in cases like this, where a plaintiff alleges irreparable harm to its business reputation. The time required for this discovery is short. The scope of this discovery is narrow. And, the burden associated with this discovery is light. In short, Gamber has little reason to delay providing documents and answering short, pointed questions seeking facts underlying statements made in "The Mounting Evidence" infomercial.

## II. FACTUAL BACKGROUND

In 1992, Jeffrey Carnevali ("Carnevali") invented a mounting device used most commonly in cars, planes, and boats.[1] Called the "RAM mount," this device was the first of its kind to use a double-socket arm assembly with a clamp and rubber balls. The RAM mount enjoyed unparalleled success upon its release. There were many imitators. In fact, one imitation was produced by Gamber. In 2006, Gamber admitted to infringing Carnevali's U.S. Patent No. 5,845,885, covering the RAM mount. *See* Amended Consent Judgment, *Nat'l Prods., Inc. v. Gamber Johnson LLC*, No. CV04-2524P (W.D. Wash. Oct. 2, 2006). This history partially explains the motivation for Gamber's damaging infomercial discussed in detail *infra*.

---

[1] Supporting Declaration of NPI founder Jeffrey D. Carnevali ¶ 2 ("Carnevali ¶ __") filed herewith in support of this motion.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 2
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
**SEATTLE, WASHINGTON 98101**
**TELEPHONE: 206.262.8900**

Carnevali also made a number of mounting systems to complement the RAM mount design. Many of these mounts include connectors designed to hold different types of devices like cellular phones, GPS devices, and notebook computers.

NPI's RAM mounting systems sell extremely well to companies with commercial vehicle fleets, police departments, the military, and sportsmen.[2] Gamber's "The Mounting Evidence" infomercial attempts to convince these individuals (and others) to buy from Gamber instead of NPI because, according to Gamber's infomercial, NPI's products are inferior. Gamber's infomercial is distributed through the internet and on DVD, presenting a purported "analysis" of several different mounting systems by a purported "expert." In addition, "The Mounting Evidence" is disseminated by Gamber in video segments that are not only presented on a website located at <www.themountingevidence.com>, but also prominently featured on the home page of Gamber's website, located at <www.gamberjohnson.com>.

"The Mounting Evidence" is hosted by "Dave Long, Airbag Detective" who presents himself as an independent and objective safety expert.[3] Long touts his "decade" of air bag experience and the fact that he has conducted investigations of "hundreds of mounting installations in vehicles." Throughout his "investigation," Long refers to Gamber as "they," "them," and "these guys"—the whole purpose being to cause consumers to believe that Long's "investigation" was independently conducted outside the auspices of Gamber. Long also suggests that his conclusions are supported by scientifically conducted studies and that he himself possesses the necessary qualifications to evaluate these studies. Contrary to Gamber's representations, from all indications, Long is *not* an expert on the construction or

---

[2] Carnevali ¶ 3.
[3] Complaint ¶ 19.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 3
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

safety of mounting devices, but a paid narrator following a script written by Gamber's public relations firm.[4] According to Long's biographical information, he is a nurse who provides lectures on airbag safety.[5] His biography indicates a lack of relevant engineering experience that would permit him to analyze mechanical characteristics of mounting devices such as structural integrity or stability. It is under these false pretenses that the infomercial presents a number of "facts," most of which are categorically false, as set forth in NPI's complaint.[6]

In December 2007, NPI started receiving reports from distributors in the field that the misrepresentations in "The Mounting Evidence" were having a negative impact on NPI's RAM mount sales.[7] NPI initiated an investigation into the allegations made in the video shortly thereafter and consulted with counsel in December 2007 regarding any potential claims. Suit was filed in the early part of January 2008.

After suit was filed, Gamber immediately indicated that it would be willing to cease distribution of the offending ads, but as discussions progressed, Gamber tied its offer to settling an unrelated patent case.[8] Gamber moved for consolidation of this case with the separate case for patent infringement currently before The Honorable Richard A. Jones (No. 07-1985-RAJ). Various motions are pending in the case before Judge Jones, and the parties recently completed their last rounds of briefing on March 25, 2008.

The need to reopen this case and pursue expedited discovery became apparent just last month, after settlement discussions failed and Carnevali discovered that Gamber was

---

[4] The public relations firm behind "The Mounting Evidence" infomercial is Thomas Marks & Associates. Declaration of Mark Walters ¶ 4, Ex. E ("Walters ¶ ___").
[5] Walters ¶ 6, Exh. F.
[6] For the purposes of this motion, NPI need not go into detail regarding each of the false statements made in "The Mounting Evidence" infomercial. The allegations are set forth in the Complaint at ¶¶ 19-27. In essence, the infomercial falsely describes NPI's mounts in order to claim superior construction and/or function of the Gamber mounts.
[7] Carnevali ¶¶ 6-7.
[8] Walters ¶ 5.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY       - 4
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

continuing to distribute "The Mounting Evidence" DVD at the Dynamics/Itronix Trade Show.[9]

## III. LEGAL STANDARD

Fed. R. Civ. P. 26, among others, provides district courts with broad power to permit expedited discovery in appropriate cases. *Benham Jewelry Corp. v. Aron Basha Corp.*, 45 U.S.P.Q. 2d 1078, 1094 (S.D.N.Y. 1997). Expedited discovery is routinely granted in actions involving infringement and unfair competition. *Id.* (citing *Revlon Consumer Prods. Corp. v. Jennifer Leather Broadway*, 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994), *aff'd*, 57 F.3d 1062 (2d Cir. 1995); *Francis S. Denney, Inc. v. I.S. Lab, Inc.*, 737 F. Supp. 247, 248 (S.D.N.Y. 1990)); *see also* Fed. R. Civ. P. 30(a)(2)(A)(iii) (party may seek leave of court to take depositions before time specified in Fed. R. Civ. P. 26(d)); Fed. R. Civ. P. 34(b)(2)(A) (court may shorten time to respond to requests for production).

Expedited discovery is particularly appropriate where a plaintiff is seeking injunctive relief because of the expedited nature of injunctive proceedings. *See Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (citing *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)); *see also Optic-Elec. Corp. v. United States*, 683 F. Supp. 269, 271 (D.D.C. 1987); *Onan Corp. v. United States*, 476 F. Supp. 428, 434 (D. Minn. 1979)). Courts order expedited discovery where it would "better enable the court to judge the parties' interests and respective chances for success on the merits" of a preliminary injunction motion. *Yokohama*, 202 F.R.D. at 613 (quoting *Edudata Corp. v. Scientific Computers, Inc.,* 599 F. Supp. 1084, 1088 (D. Minn. 1984), *aff'd in part*, *rev'd in part on other grounds*, 746 F.2d 429 (8th Cir. 1985); citing *Ellsworth*, 917 F. Supp. at 844

---

[9] Carnevali Decl. ¶¶ 9-10.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 5
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

(ordering expedited discovery to "expedite resolution of [plaintiffs'] claims for injunctive relief")).

## IV. ARGUMENT

### A. The Nature of NPI's Claims Provide Good Cause to Expedite Discovery.

Good cause exists in this case to grant expedited discovery. District courts in the Ninth Circuit apply the "good cause" standard in determining whether discovery should be expedited. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002) ("The Court . . . is persuaded that the more flexible good cause standard applied in Yokohama . . . and other cases is the appropriate standard under Rule 26(d)."); *Yokohama*, 202 F.R.D. at 614 ("Absent credible authority to the contrary, the Court adopts a good cause standard to warrant the granting of any expedited discovery prior to the Rule 26(f) scheduling conference . . . ."); *UMG Recordings, Inc. v. Does*, No. 06-0652, 2006 U.S. Dist. LEXIS 32821, at *3 (N.D. Cal. Mar. 6, 2006) ("Expedited discovery under Rule 45 is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." (citing *Semitool*, 208 F.R.D. at 276)); *Cartwright v. Viking Indus., Inc*., No. 2:07-CV-02159-FCD-EFB, 2008 U.S. Dist. LEXIS 10240, at *7 (E.D. Cal. Feb. 12, 2008) ("Courts may order expedited discovery before a Rule 26(f) conference upon a showing of good cause." (citing *Semitool*, 208 F.R.D. at 276)); *Invitrogen Corp. v. President & Fellows of Harvard Coll.*, No. 07-cv-0878-JLS (POR), 2007 U.S. Dist. LEXIS 74282, at *6 (S.D. Cal. Oct. 2, 2007) ("A party seeking expedited discovery must demonstrate 'good cause' for the early discovery." (citing *Semitool*, 208 F.R.D. at 276; *Yokohama*, 202 F.R.D. at 614)); *see also Pod-Ners, LLC v. N. Feed & Bean of*

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 6
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

*Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (stating that Fed. R. Civ. P. 26(d) allows courts to order expedited discovery upon a showing of good cause).

Courts often recognize that "good cause is frequently found in cases involving infringement and unfair competition claims." *Pod-Ners*, 204 F.R.D. at 676 (citing *Benham Jewelry*, 45 U.S.P.Q. 2d at 1094). Particularly where the party moving for expedited discovery requests existing documents and physical inspections that are relevant and discoverable under the complaint, the court will likely find good cause for allowing expedited discovery. *See Semitool*, 208 F.R.D. at 277.

NPI claims irreparable harm as a result of Gamber's violation of the Lanham Act, 15 U.S.C § 1125(a), as well as other laws. (Complaint ¶¶ 28-37). The nature of the injury alleged in NPI's complaint cannot be wholly remedied by monetary damages; it includes damaged goodwill and reputation, harm typical of intellectual property cases and usually remedied by injunctive relief. *See, e.g.*, *Basicomputer Corp. v. Scott*, 973 F.2d 507, 512 (6th Cir. 1992) ("The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute."); *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 196 (3d Cir. 1990) ("Potential damage to reputation constitutes irreparable injury for the purpose of granting a preliminary injunction in a trademark case."); *Pepsico, Inc. v. Cal. Sec. Cans*, No. CV-02-5321 NM (RZx), 2002 U.S. Dist. LEXIS 22404, at *22-23 (C.D. Cal. Nov. 4, 2002) ("Trademark counterfeiting, trademark infringement, unfair competition, dilution and false advertising by their very nature result in irreparable injury since the attendant loss of goodwill, reputation and business cannot adequately be quantified and victims cannot be compensated adequately. For this reason, therefore, Plaintiffs are entitled to permanent injunctive relief." (citations omitted));

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 7
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

DARBY & DARBY P.C.
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

*Corp. Express Office Prods., Inc. v. Martinez*, No. CV-SA02-87 AHS (ANX), 2002 U.S. Dist. LEXIS 21310, at *13 (C.D. Cal. Mar. 8, 2002) (noting, in granting a preliminary injunction, that "[i]ntangible injuries, such as damage to a business's goodwill, may support a finding of irreparable injury"). NPI's claims for injunctive relief based on the risk of irreparable harm establish the necessary good cause for an order expediting discovery. This is especially true given Gamber's decision to continue distribution of the infomercial while this case is pending.

### B. The Discovery Sought Is Narrowly Focused and Will Not Prejudice Gamber

NPI has prepared one set of narrowly tailored Requests for Production under Rule 34, and it seeks just three expedited depositions: (1) a deposition from Gamber relating to the infomercial; (2) a deposition of the infomercial host, Mr. David Long; and (3) a deposition of Gamber's public relations firm, Thomas Marks & Associates. These proposed discovery requests are attached as Exhibits A, B, C, and D to the declaration of NPI's undersigned counsel. Counsel for NPI believes that all of the requested discovery can be completed in a period of one month, where documents are produced within two weeks of the Court's order authorizing expedited discovery.[10]

Gamber will suffer no substantial hardship, nor be prejudiced, by an order granting expedition of the narrowly tailored requested discovery. *See Semitool*, 208 F.R.D. at 276 (reasoning that expedited discovery is permissible where the need for it, "in consideration of the administration of justice, outweighs the prejudice to the responding party"). The accused infomercial purports to have conducted a comparative analysis. NPI merely seeks facts

---

[10] Walters ¶ 3.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 8
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
1191 SECOND AVENUE
SEATTLE, WASHINGTON 98101
TELEPHONE: 206.262.8900

supporting statements made in the infomercial.[11]  Indeed, Gamber should have already gathered the relevant information and documents because it filed an answer to NPI's complaint several weeks ago denying all liability.  Documents supporting Gamber's denials in the answer should already be available. There is no good reason to delay producing these documents where NPI continues to suffer irreparable harm from Gamber's continued distribution of the infomercial.

## V. CONCLUSION

For all the foregoing reasons, NPI respectfully requests an order reopening the case and permitting expedited discovery into the allegations of false advertising.

Respectfully submitted,

DARBY & DARBY P.C.

Dated:  April 17, 2008

By: s/ David K. Tellekson
David K. Tellekson, WSBA No. 33523
Robert L. Jacobson, WSBA No. 30838
Mark P. Walters, WSBA No. 30819
1191 Second Avenue
Seattle, Washington 98101
Telephone:  (206) 262-8900
Facsimile:  (206) 262-8901
Email: dtellekson@darbylaw.com

*Attorneys for Plaintiff National Products, Inc.*

---

[11] Although it is doubtful that independent analysis exists, NPI has requested any such tests from Gamber.  If these tests existed and supported Gamber's position, they would likely have been turned over by this point.

PLTF'S MOTION TO REOPEN CASE AND FOR EXPEDITED DISCOVERY  - 9
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
**SEATTLE, WASHINGTON 98101**
**TELEPHONE: 206.262.8900**

## CERTIFICATE OF SERVICE

I, Sharie L. Parks, hereby certify that on April 17, 2008, I caused the foregoing **PLAINTIFF NATIONAL PRODUCTS, INC.'S MOTION TO REOPEN CASE AND MOTION FOR EXPEDITED DISCOVERY** to be served on the following parties as indicated below:

| | |
|---|---|
| Mark S. Parris<br>Molly Terwilliger<br>HELLER EHRMAN LLP<br>701 Fifth Avenue, Ste. 6100<br>Seattle, WA 98104-7098<br><br>*Attorneys for Defendant Gamber Johnson LLC* | [ ] By United States Mail<br>**[X] By Legal Messenger**<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email [by agreement of counsel] |
| David De Bruin<br>Michael Best & Friedrich LLP<br>100 East Wisconsin Avenue<br>Suite 3300<br>Milwaukee, WI 53202-4108<br><br>*Attorneys for Defendant Gamber Johnson LLC* | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>[ ] By Email [by agreement of counsel] |

DATED: April 17, 2008

s/ Sharie L. Parks
for David K. Tellekson, WSBA No. 33523
Robert L. Jacobson, WSBA No. 30838
Mark P. Walters, WSBA No. 30819
DARBY & DARBY P.C.

PLTF'S MOTION TO REOPEN CASE AND FOR
EXPEDITED DISCOVERY - 10
Case No. 08-cv-0049
S:/20339/6003215-000/80169576

**DARBY & DARBY P.C.**
**1191 SECOND AVENUE**
**SEATTLE, WASHINGTON 98101**
**TELEPHONE: 206.262.8900**