UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMBER-JOHNSON LLC, <br><br> Defendant. | CASE NO. C08-0049JLR <br><br> ORDER ON MOTIONS TO SEAL |

Before the court are two motions to seal: Defendant Gamber-Johnson LLC's ("Gamber-Johnson") motion to file declarations and exhibits under seal (Dkt. # 74) ("first motion to seal"); and Gamber-Johnson's motion to seal certain exhibits supporting its reply to the motion for summary judgment (Dkt.# 96) ("second motion to seal"). NPI filed a "limited opposition" (Dkt. # 81) to Gamber-Johnson's first motion to seal and a "limited opposition" (Dkt. # 102) to Gamber-Johnson's second motion to seal. Neither "limited opposition" supports the sealing of any of the documents identified in Gamber-Johnson's motions.

ORDER- 1

Pursuant to Local Rule 5(g), there is a strong presumption of public access to the court's files. Local Rules W.D. Wash. CR 5(g). With respect to dispositive motions, such as the motion before the court in this case, the presumption can only be overcome with a "compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting the court's files from public review." *Id.* The motions before the court were filed by Gamber-Johnson pursuant to the stipulated protective order ("Protective Order") approved by this court on July 17, 2008. (Dkt. # 32.) The Protective Order requires the parties to file documents marked as "confidential" or "strictly confidential" under seal pursuant to Local Rule 5(g). (Prot. Order ¶ 12.) The result of this reciprocal agreement is that the party moving to seal the documents marked confidential or strictly confidential is often not the party that marked the document as such.

Here, Gamber-Johnson moves to seal documents marked as confidential by NPI. Yet, it appears that instead of contacting NPI to determine whether it objects to filing the documents publicly, Gamber-Johnson chose to file two motions to seal that are uncontested. This process is inefficient at best and constitutes a poor use of judicial and client resources. In the future, the court directs the parties to meet and confer prior to filing a motion to seal.

Having reviewed the motions and the so-called "limited oppositions" filed in response thereto, the court DENIES the motions to seal, except that the redacted versions of Exhibits EE and II may be filed in lieu of the versions filed under seal. (Dkt. ## 74, 96.)

1 | Dated this 13th day of January, 2010.

*[signature]*
JAMES L. ROBART
United States District Judge

ORDER- 3