UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAMBER-JOHNSON LLC, <br><br> Defendant. | CASE NO. C08-0049JLR <br><br> ORDER DENYING POST-TRIAL MOTIONS |

Before the court are three post trial motions: Defendant Gamber-Johnson LLC's ("Gamber-Johnson") renewed motion for judgment as a matter of law pursuant to Rule

ORDER- 1

50(b) (Dkt. # 272);[1] Gamber-Johnson's motion pursuant to Rule 59 (Dkt. # 274);[2] and Plaintiff National Products, Inc.'s ("NPI") motion to alter or amend the judgment and renewed motion for judgment as a matter of law (Dkt. # 276).[3] Having reviewed the motions, the papers in support and opposition, and the trial transcript, the court DENIES the motions. (Dkt. ## 272, 274, 276.)

Gamber-Johnson and NPI compete in the vehicle laptop mounting business. As the name of the area of business suggests, the companies design and sell mounting systems for laptops in vehicles. This dispute relates to a video produced by Gamber-Johnson titled "The Mounting Evidence." The video purports to set forth the opinion of airbag safety expert, David Long, as to the safety benefits of purchasing a Gamber-Johnson mounting system versus other mounting systems in the market, including one developed by NPI called the "RAM." NPI sued Gamber-Johnson for false advertisement

---

[1] Gamber-Johnson renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) arguing: (1) it did not make any false or actionable statements; (2) the record did not support a "test prove" theory of the case; (3) NPI did not prove that the statements were literally false; (4) the jury's finding of deliberateness lacked support in the record; and (5) NPI did not prove that it suffered any injury caused by the false statements. (*See generally* Gamber-Johnson Mot. for JMOL (Dkt. # 272).)

[2] Gamber-Johnson moves for a new trial pursuant to Federal Rule of Civil Procedure 59(a) because (1) the jury's liability finding was contrary to the great weight of the evidence; and (2) the jury was instructed on the "test prove" theory. (See generally Gamber-Johnson Mot. for new trial (Dkt. # 274).) Finally, Gamber-Johnson moves for two amendments to the judgment pursuant to Rule 59(e): (1) an adjustment of the profit margin it used in calculating damages; and (2) an amendment to the judgment to vacate the attorneys' fees award. (Id.)

[3] NPI moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) to (1) reinstate the jury's original award of $10,000,000; and (2) to correct the court's finding that NPI had not shown that every purchaser saw the video during the relevant time period. (*See generally* NPI's Mot. to Alter or Amend (Dkt. # 276).)

under the Lanham Act based on allegedly false statements made in the video regarding its RAM product.

The matter was tried to a jury in April 2010. The four-day trial concluded on April 9, 2010. On April 12, 2010, after deliberating for less than three hours, the jury returned a verdict for NPI finding that Gamber-Johnson had deliberately engaged in false advertising and awarded NPI $10,000,000 in damages. (*See* April 12, 2010 Verdict (Dkt. # 191).) The jury found that four of the statements made in the video relating to the NPI product were false or misleading. The following day, the court ordered that the parties submit supplemental briefing on Gamber-Johnson's motion for judgment as a matter of law addressing the jury's award of damages and additional briefing on NPI's request for injunctive relief. (Dkt. # 192). After a full hearing on the issues raised by the parties in their post-trial motions, on August 13, 2010, the court issued an order granting in part and denying in part all post-trial motions. ("August 13 Order" (Dkt. # 247).) In the August 13 Order, the court granted Gamber-Johnson's motion for judgment as a matter of law and adjusted the jury's award of damages from $10,000,000 to $492,332.[4] The court denied the remaining arguments raised in Gamber-Johnson's motion. The court also granted NPI's motion for a permanent injunction, and its motion for attorney's fees and costs.

---

[4] Although the court characterized its decision to reduce the jury award as granting Gamber-Johnson's motion for judgment as a matter of law, the court also explained that its analysis of whether to modify the monetary award was guided by "the principles of equity." (August 13 Order at 4 (quoting 15 U.S.C. § 1117(a)).)

On September 13, 2010, the parties renewed their post-trial motions, which essentially ask the court to reexamine the rulings made in the August 13 Order. Because the court declines to conduct a second—and with respect to some of the issues, third—analysis of the issues raised in these renewed post-trial motions, the court incorporates its August 13 Order herein and DENIES the motions (Dkt. ## 272, 274, 276).

Dated this 10th day of November, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 4